**AMERICAN SAMOA GOVERNMENT, Petitioner**

**v.**

**PETAIA TOFIGA aka AFOA SALANOA, Respondent**

High Court of American Samoa
Trial Division

CA No. 9-90

January 26, 1999

Before REES, Associate Justice, TAUANU'U, Chief Associate Judge,
and MATA'UTIA, Associate Judge.

Counsel: For Petitioner, John Wilks, Assistant Attorney General
For Respondent, Barry I. Rose, Assistant Public Defender

This is a petition by the Government for involuntary commitment of the respondent under A.S.C.A. § 13.1501 et seq. on the ground that he constitutes a danger to himself and others.

The Court heard testimony by the psychiatrist who has been treating the respondent. At the conclusion of this testimony the Court recessed so that respondent's appointed counsel could confer with his client. At the end of the recess counsel for respondent informed the Court that his client desires to accede to the petition for commitment, and that counsel agrees that such commitment would be in respondent's best interest provided that respondent is immediately provided with appropriate treatment.

The treating psychiatrist testified that there is no inpatient facility in American Samoa wherein the respondent would not constitute a threat to himself and others. The Government therefore advises that it is necessary to confine respondent in the Tafuna Correctional Facility for an indefinite period of time if he is to remain in American Samoa. The treating psychiatrist also testified, however, that it is presently safe for the respondent to travel to Hawaii, where more extensive treatment facilities are available, provided that he is accompanied by a medical escort and also by an appropriate police escort. (The Court has been informed that Police Officer Suamataia Loi, who is related to the respondent and has a good rapport with him, would be an appropriate police escort.)

Accordingly, we conclude that the petition for commitment should be granted.

We further conclude that the Government, having taken the respondent into its custody and sought his commitment, has an obligation to provide adequate treatment for his condition, and that facilities for such treatment are not presently available in American Samoa.

It is therefore essential that respondent be immediately referred for off-island treatment in accordance with the Government's usual procedure for such referrals. The Government's tentative refusal to refer respondent for treatment, based on the relatively short duration of his most recent presence on island, must therefore be reversed. In the present case respondent has a right to treatment not because of his residential status but because of the Government's decision to take him into its custody and to confine him pending recovery or remission.

We therefore order that the respondent be referred immediately for off-island medical treatment. Assuming that such treatment will be in Hawaii, he should be transported there on the next available flight, provided that a medical escort and Officer Loi are available to accompany him and provided further that it can be arranged for respondent to be met at the Honolulu airport and cared for in a manner which in the opinion of the treating psychiatrist is appropriate to his condition.

This order is without prejudice to the right of the Government to seek compensation from, or to transfer respondent into the care of, the Veterans Administration or other agencies which may have a pre-existing obligation to care for the respondent. Efforts to seek such compensation

31

or transfer shall not, however, be allowed to delay the respondent's admission into an appropriate treatment facility, and the American Samoa Government shall take such responsibility for the expenses of respondent's treatment as is necessary to secure such admission.

The Government is further directed to arrange for the immediate diagnosis and treatment of respondent's non-psychiatric medical condition.

It is so ordered.